# Exhibit C

MULTI-DISTRICT LITIGATION

IN RE:  GOLD KING MINE RELEASE IN SAN
JUAN COUNTY, COLORADO, ON AUGUST 5,
2015.

NO:  1:18-MD-02824-WJ

TELEPHONIC HEARING AND STATUS CONFERENCE PURSUANT TO
RULE 16(c)(2)(F) and (L)
June 26, 2020
12:00 p.m.
421 Gold, Southwest
Albuquerque, New Mexico

BEFORE:   HONORABLE ALAN C. TORGERSON, SPECIAL MASTER

REPORTED BY: Mary Abernathy Seal, RDR, CRR, NM CCR 69
    Bean & Associates, Inc.
    Professional Court Reporting Service
    201 Third Street, Northwest, Suite 1630
    Albuquerque, New Mexico 87102

(3812N) MAS

Page 10

1  originally drafted.  It asks us purely to interpret
2  what a regulation is, that it's an OSHA reg that's
3  applicable to employers for protection of employees.
4       We raised the fact that this doesn't even
5  nominally try to incorporate facts.  The law is very
6  clear that a request for admission can't just call
7  for a pure legal conclusion, so what they have done
8  now is they've inserted the words "applicable to
9  employers, quote, 'at the Gold King Mine in 2014 and
10 2015' for protection of their employees from hazards
11 associated with water accumulation."
12      So we may be able to -- you know, whether
13 that actually changes anything and actually means
14 that by nominally incorporating the words "Gold King
15 Mine" changes it from a pure legal conclusion to one
16 that asks for facts we're still analyzing and
17 considering.  But we will get our response to them
18 by July 1.
19      SPECIAL MASTER TORGERSON:  All right.
20 Well, it doesn't sound like you're going to be able
21 to resolve everything.  So rather than pushing this
22 issue down the road, if you can't resolve all of the
23 issues with respect to what Mr. Bain has requested
24 we put on the agenda as items A and B by July 8 or
25 saying you can't by July 1, in either event, I want

Page 11

1  the Government to file their motions by July 15th,
2  and the Sovereign Plaintiffs can respond according
3  to the applicable rules.
4       All right.  Item C.  New Mexico
5  Environment Department's failure to respond to
6  requests to admit that New Mexico Environment
7  Department is the only New Mexico government party
8  in this litigation and that the State of New Mexico
9  is not a party on its own behalf despite taking the
10 position that New Mexico Environment Department is
11 the only state agency that can be compelled to
12 respond to discovery requests in this litigation as
13 a party.
14      Now, I remember we had a discussion about
15 this some time ago, and apparently that's still an
16 issue in the Government's viewpoint.  So who wants
17 to address this one, Mr. Bain?
18      MR. BAIN:  I'll address it, Your Honor.
19 ==So who the party is for New Mexico in this==
20 ==litigation has consequences both for discovery, as==
21 ==to who is compelled to respond, but also has==
22 ==consequences for standing to recover damages.==  And
23 you know, as you will recall, New Mexico took the
24 position in response to our discovery request that
25 the only party that could be compelled to produce

Page 12

1  documents in response to our request was the
2  New Mexico Environment Department, as they brought
3  their action on behalf of the New Mexico
4  Environmental Department, and that any other agency
5  or any other state entity not be compelled through
6  the litigation to provide documents, but they would
7  endeavor to reach, you know, memorandums of
8  understanding or voluntary agreements with these
9  other entities to get us documents.
10      And so that continues to be their
11 position.  For example, recently we have sought to
12 get some data on studies that professors at
13 New Mexico universities have done as part of the
14 WRRI conference, and so we're trying to get those
15 voluntarily, because their position is that the
16 New Mexico Environmental Department is the only
17 party that can be compelled to respond to our
18 discovery.  Well, we wanted to ask a request for
19 admission because that has consequences for who can
20 recover damages or who has standing to recover
21 damages, and so we asked very simple requests for
22 admission.  For example, "Please admit that this
23 action is being brought on behalf of the New Mexico
24 Environmental Department."  They denied it.
25      Another request for admission was:

Page 13

1  "New Mexico has not brought this action on its own
2  behalf."  They deny that.
3       So they're trying to have it both ways.
4  They're trying to limit it to the New Mexico
5  Environmental Department for purposes of responding
6  to discovery, but for purposes of standing to
7  recover damages, they're trying to include the
8  entire state.
9       So this is -- you know, and they responded
10 to us, "Well, no, you said in the caption,
11 'New Mexico on behalf of the New Mexico
12 Environmental Department,'" and find that that meets
13 both entities.  But they sued us in other
14 litigation, including the District of New Mexico,
15 and they clearly distinctively identify the State of
16 New Mexico and the New Mexico Environmental
17 Department, except for Plaintiffs in that
18 litigation.  So for whatever reason, they are trying
19 to limit it for purposes of discovery, but they're
20 not trying to live with the consequences of that for
21 purposes of standing and other things in this
22 litigation by responding to our requests for
23 admissions as they should, given prior
24 representations they have made to this Court.
25      SPECIAL MASTER TORGERSON:  Thank you.

Page 14

1  Before I hear a response from the State of
2  New Mexico, Mr. Bain, when -- I don't recall
3  specifically, but I'm sure you must have filed a
4  motion to dismiss.  Was this issue addressed in your
5  motion to dismiss about whether or not New Mexico
6  Environmental Department was the proper party or had
7  standing to sue on behalf of the State of
8  New Mexico?
9       MR. BAIN:  We have not done that, but we
10 are anticipating doing that, and that might be the
11 relief that we're seeking.
12      SPECIAL MASTER TORGERSON:  All right.
13      Mr. Gilmour, do you want to respond on
14 behalf of the State of New Mexico?
15      MR. GILMOUR:  Yes, Your Honor.  Can you
16 hear me?
17      SPECIAL MASTER TORGERSON:  Yes.
18      MR. GILMOUR:  I need to apologize.  I was
19 having technical difficulties with my phone and had
20 to drop off and redial in, so I missed the beginning
21 of Mr. Bain's argument.  But based upon our meet and
22 confers and what I heard at the end, I think I heard
23 it sufficiently to respond.
24      SPECIAL MASTER TORGERSON:  Well, basically
25 he said that this issue has consequences for

Page 15

1  discovery and for standing, and they're upset that
2  you only want to respond on behalf of the New Mexico
3  Environment Department, and you'll try to get
4  cooperation from other departments and agencies.
5  And then he said the standing issue relates to
6  whether or not the State, through the New Mexico
7  Environment Department, can recover damages.
8       MR. GILMOUR:  Yes, sir.  And you have
9  identified the exact issue, Your Honor, which is
10 he's conflating discovery obligations with issues of
11 standing.  Standing is not at issue right now.  What
12 we're dealing with is discovery obligations and the
13 complaint, despite Mr. Bain's recitation, is not
14 just in the caption; it is identified in paragraph
15 13 of the party section that the plaintiff, the
16 State of New Mexico, on behalf of NMED has authority
17 to bring a lawsuit and is the proper party.
18      Now, what's been difficult with the RFAs
19 is that they're trying to (unintelligible) by saying
20 the only -- admit that the only Government agency is
21 the Environment Department.  Well, that's not true.
22 The State of New Mexico is the plaintiff as well as
23 the Environment Department.
24      If he wants an admission that identifies
25 both the State as an entirety, as well as the

Page 16

1  Environment Department, then we can have that
2  conversation; and again, that's a standing issue.
3  But when we get to discovery obligations, which is
4  why we're before Your Honor today, the issue that he
5  does not like is the duality of the state's
6  executive branches, meaning that the attorney
7  general is independently elected from the governor.
8  And in actions brought by the state attorney
9  general, other state agencies are not parties to the
10 action unless they're specifically requested to be
11 part, which is what happened here.  But the attorney
12 general is the only entity that can bring an action
13 on behalf of the entire state.  You know, the
14 attorney general is not subject to discipline or
15 removal by the governor, and it brings the suit
16 under its own authority.
17      So here, you know, the issue is that the
18 United States wants the attorney general to be
19 responsible and somehow be able to compel discovery
20 obligations from another independently elected part
21 of the executive authority, namely, the governor.
22 And the attorney general simply does not have that
23 ability.  What it does have the ability to do, and
24 what I have explained to the United States, is that
25 the Environment Department, as a named party, will

Page 17

1  produce any and all information that is relevant and
2  subject to the requests that is within its care,
3  custody, or control because it is a party to this
4  litigation.
5       We've also agreed to a stipulated order
6  that Your Honor signed that we would go to a number
7  of other agencies identified by the United States,
8  including Taxation and Revenue, the Department of
9  Tourism, the Department of Agriculture, the
10 New Mexico Energy, Minerals and Natural Resources,
11 Department of Abandoned Mine Land Program, and the
12 Department of Game and Fish.  Those were the
13 entities they wanted us to go to.  We have gone to
14 them, we have collected information, we have
15 produced information, and we are continuing to do
16 so.  But we can't compel them to do it.  We are
17 doing it by agreement between the attorney general
18 and the secretaries of those agencies.
19      If the United States wants to compel those
20 agencies, the United States needs to serve a
21 subpoena upon those agencies.  But what is
22 frustrating is:  Mr. Bain is making an issue where
23 there isn't one.  We are comporting with all of our
24 discovery obligations.  We are producing everything
25 from the Environment Department as we were required

Page 18

1   to do, and we've gone to these agencies and, through
2   agreement, obtained and are producing and continuing
3   to produce all the information that the United
4   States requests.
5           So it's somewhat frustrating that we're
6   here on a motion to compel when we're doing exactly
7   what the United States wants. And as Your Honor
8   stated, if they want to file a motion
9   (unintelligible) on standing, that's a completely
10  separate issue, and they're entitled to do that.
11  But the way they have drafted these RFAs are to
12  paint us into a corner, and as drafted, they are
13  simply incorrect, and hence why they have been
14  denied.
15          SPECIAL MASTER TORGERSON: Okay. So let
16  me ask a follow-up question, because I'm trying to
17  determine whether or not your position is
18  inconsistent. Because you have now said in
19  paragraph 13 of your most recent complaint that the
20  State of New Mexico is a party as well as the
21  New Mexico Environmental Department; and if the
22  State of New Mexico is a party, wouldn't the State
23  of New Mexico have to respond on behalf of these
24  other entities or agencies or departments?
25          MR. GILMOUR: No, Your Honor, not unless

Page 19

1   the information is in the care, custody, or control
2   of the attorney general.
3           SPECIAL MASTER TORGERSON: Okay. So let
4   me ask you -- and then I'll give a chance for
5   Mr. Bain to respond -- you have said, and we've
6   discussed this before, that you have entered into
7   this agreement and that the other departments and
8   agencies have been cooperative, and you have been
9   providing documents. Has there been an issue raised
10  about whether or not the documents that you have
11  provided are sufficient, or other discovery that may
12  have been requested is not sufficient for some
13  reason? Or is it just an issue of who to compel?
14          MR. GILMOUR: Your Honor, the only issue
15  that I'm aware of -- and I defer to my colleagues,
16  Ms. Rowenko and Mr. Homer, as they have been closer
17  to it than I have. The only issue that I am aware
18  of is related to the abandoned mine land program,
19  which is being continued to meet and confer and
20  discuss regarding.
21          SPECIAL MASTER TORGERSON: Okay. Well, so
22  your position is: You have responded to the request
23  for admission, and it is what it is; and if Mr. Bain
24  wants to pursue this issue of standing, that's a
25  separate issue from the discovery issues that I'm to

Page 20

1   deal with.
2           MR. GILMOUR: Yes, Your Honor, in a
3   nutshell.
4           SPECIAL MASTER TORGERSON: All right.
5   Mr. Bain.
6           MR. BAIN: Yes, Your Honor. And, you
7   know, if what Mr. Gilmour is saying is when the
8   State of New Mexico sues on its own behalf, it
9   doesn't have an obligation to turn over relevant
10  evidence from agencies within the state, I would
11  like to see that authority because I just can't
12  believe that's true, having represented the
13  Government, the United States Government, for a very
14  long time.
15          And I'll also reference Your Honor to the
16  litigation in your district which is State of
17  New Mexico versus United States, caption number
18  6:19-CV-00178, and it's captioned State of
19  New Mexico ex rel Hector Balderas, AG, and
20  New Mexico Environmental Department. Each plaintiff
21  is set out in a separate paragraph. Here there's
22  one paragraph: New Mexico on behalf of New Mexico
23  Environmental Department. Based on that, they have
24  taken the position in this litigation, Mr. Gilmour
25  has represented to you previously on October 31,

Page 21

1   2019, and November 13, 2019, that the case is being
2   brought on behalf of the New Mexico Environmental
3   Department. You asked him in November why did the
4   State of New Mexico rather than the State of --
5   New Mexico Environmental Department sue, and Gilmour
6   responded, "The agency is the one identified by the
7   State to be in charge of mediation, restoration, and
8   any and all damages that flow from that."
9           So we will file a motion to dismiss based
10  on standing. But if it comes out that the State of
11  New Mexico somehow is a party, they have been
12  operating under, my opinion, a false basis for
13  responding to requests for discovery, that only this
14  one agency can be compelled to produce documents to
15  us, and that all other information from the State
16  has to be produced through some type of memorandum
17  of understanding or agreement. And as I mentioned
18  before, we're trying to get information now from
19  University professors that -- you know, we're trying
20  to work it out with them, but it's not something
21  that they're willing or think that they have an
22  obligation to produce because New Mexico is a party
23  in this case.
24          SPECIAL MASTER TORGERSON: All right.
25  Well, I'm not familiar with --

```
 1  UNITED STATES OF AMERICA

 2  STATE OF NEW MEXICO

 3

 4                REPORTER'S CERTIFICATE

 5      I, Mary Abernathy Seal, RDR, CRR, CCR, do

 6  hereby certify that the foregoing pages constitute a

 7  true transcript of proceedings had before the said

 8  Court held in the City of Albuquerque, New Mexico,

 9  in the matter therein stated.

10      In testimony whereof, I have hereunto set my

11  hand on this 27th day of June, 2020.

12

13            _____Mary A. Seal_____

14            Mary Abernathy Seal, RDR, CRR, CCR
              BEAN & ASSOCIATES, INC.
15            NM Certified Court Reporter #69
              License expires:  12/31/20
16

17
    Date taken:  June 26, 2020
18

19

20

21

22

23

24

25
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


Bean & Associates, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com