# Exhibit E

Page 1

MULTI-DISTRICT LITIGATION

IN RE: GOLD KING MINE RELEASE IN SAN JUAN COUNTY, COLORADO, ON AUGUST 5, 2015.

NO: 1:18-MD-02824-WJ

TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
October 31, 2019
12:00 p.m.
421 Gold, Southwest
Albuquerque, New Mexico

BEFORE: HONORABLE ALAN C. TORGERSON, SPECIAL MASTER

REPORTED BY: Mary Abernathy Seal, RDR, CRR, NM CCR 69
Bean & Associates, Inc.
Professional Court Reporting Service
201 Third Street, Northwest, Suite 1630
Albuquerque, New Mexico 87102

(2977N) MAS

Page 46

1  discovery.  We'll provide full discovery.  But we'll
2  provide full discovery when we can.  And that's been
3  our response to those types of questions.
4       Let me go to the third category, if I
5  could, and here I offer to pass the baton to Andrew
6  and Tanner.  Do you want to talk about questions in
7  this third category like abandoned mines?
8       MR. WALSH:  Thanks, Peter.  We're going to
9  have Lauren address that from our side.
10      MS. JOHNSON:  Yes.  Initially, our issue
11 with these requests is that, similar to what Peter
12 has already said, these are just incredibly
13 overbroad and essentially seeking any information
14 that's not related to abandoned mines on the
15 Sovereign Plaintiffs' territory.  So for example,
16 you know, requests for production number 20 asks for
17 all plans, policy documents, guidelines, and
18 regulations issued by you to address abandoned mine
19 sites in your territory since 2005.
20      Similarly, request for production number
21 27 asks for all documents related to work performed
22 or financed by you addressing environmental
23 contamination at any abandoned mine sites in your
24 territories since 2005.
25      You know, the requests are not in any way

Page 47

1  tailored to the actual negligence that we have
2  alleged against the Federal Parties.  But beyond
3  that, we also don't believe that these are relevant
4  in any manner to showing the standard of care.  The
5  Sovereign Plaintiffs intend to set forth what the
6  standard of care is using expert testimony and also
7  using applicable statutes and regulations that
8  govern the Federal Parties' conduct.  And we have
9  identified authorities in the Tenth Circuit saying
10 that the conduct of one or two other parties in the
11 industry is not relevant to establishing what the
12 legal standard of care is.  The fact that one other
13 state or sovereign may have been using a different
14 standard of care isn't going to change what the
15 legal standard of care is in this case.  You know,
16 it's based on a national survey, and you know, we
17 certainly have not sought this information from the
18 Federal Parties.  We have not asked the Federal
19 Parties to produce information relating to every
20 abandoned mine that they have participated in across
21 the country, because we don't believe that's going
22 to be relevant to changing the standard of care.
23      SPECIAL MASTER TORGERSON:  All right.
24      MR. HSIAO:  Your Honor, if I could add
25 just two more thoughts to what Lauren just said.

Page 48

1  The first is that, you know, we could send those
2  discovery requests, too; right?  We can ask the
3  Federal Government:  Give us each and every document
4  regarding every abandoned mine in the United States.
5       Asking the State of Utah or New Mexico or
6  the Navajo Nation about our abandoned mines has
7  nothing to do with this abandoned mine, the Gold
8  King Mine and the negligence that took place that
9  allowed the blowout to occur.  The Federal
10 Government in their first document production
11 request, we would ask them to focus on the core of
12 the case and not on these peripheral requests about,
13 well, tell us about every abandoned mine in Utah.
14      SPECIAL MASTER TORGERSON:  All right.
15      MR. HSIAO:  One more issue, Your Honor.  I
16 left a category out.  Mr. Bain says he has issues
17 with who we searched, the agencies that we searched.
18 I think his description of that is mistaken.  We
19 searched every agency for responsive documents in
20 the State of Utah.  There were some agencies, and I
21 think we're down to two where we've identified
22 documents that just weren't relevant.  But we did
23 search them and we did come up with them, and they
24 just had nothing to do with the Gold King Mine
25 blowout.

Page 49

1       SPECIAL MASTER TORGERSON:  All right.
2  Does anybody on the State of New Mexico want to add
3  anything?
4       MR. GILMOUR:  Yes, Your Honor.  This is
5  John Gilmour.  I would like to clarify the status of
6  the search and production in New Mexico.  The case
7  has been brought by the Attorney General on behalf
8  of the New Mexico Environment Department.  And as I
9  told Mr. Bain and the United States, we will respond
10 to their RFPs.  And in particular, any information
11 from other agencies that we have in our possession,
12 such as the tax information, will be produced, and
13 as Mr. Hsiao pointed out, more than likely it will
14 be the topic of expert discovery.  So I want to make
15 clear that we are not withholding anything.
16      Second, Your Honor, I advised that while
17 we do maintain that we cannot compel another state
18 agency to respond to discovery requests to NMED, we
19 did volunteer to go to those agencies that they
20 identified and request that they voluntarily produce
21 the information that the United States is seeking,
22 and we would do that through a memorandum of
23 understanding or similar agreement with those
24 agencies to get the information, to the extent that
25 it's relevant and not subject to objection, but we

Page 50

1   would work to try to get them that information.
2           So I think the complaint as posed right
3   now to Your Honor about New Mexico is premature, as
4   we have been trying to work with them to get the
5   information that they have identified.  And I would
6   only add, Your Honor, that we also concur with the
7   points on the abandoned mine issue as recounted by
8   counsel for the Navajo Nation and the State of Utah.
9           SPECIAL MASTER TORGERSON:  All right.
10  Does anybody else want to add anything to what's
11  been said on behalf of the Sovereign Plaintiffs?
12          All right.  Hearing nothing, I'll tell you
13  my impression, and then you can decide how you want
14  to proceed.
15          It sounds to me, Mr. Bain, that these
16  requests are indeed overly broad and maybe unduly
17  burdensome.  I'll remind you that the first section
18  under Rule 34(b)(1) that talks about contents of the
19  request, it says, "The request must describe with
20  reasonable particularity each item or category to be
21  inspected."  And it sounds to me like when you begin
22  something with "any and all," that relates to such
23  broad categories as you have talked about that
24  you're not complying with that part of the rule.
25          So I'm going to let you all have one more

Page 51

1   crack at trying to resolve this in some meaningful
2   fashion, and if you can't do that by November
3   10th -- let me make sure that's a Friday.
4           MR. HSIAO:  The 8th is a Friday.
5           SPECIAL MASTER TORGERSON:  I should know
6   that.  That's my birthday.  All right.  If you can't
7   resolve it by -- let's do it by the 11th, which
8   is -- well, that's Veterans Day.  All right.  Let's
9   do it by the 12th.  We can do one of two things.
10  You can send the request and responses to me, and we
11  can try to resolve it in one of these conference
12  calls.  Or if somebody feels strongly enough about
13  it that you want to make a motion so you have a
14  record and you can get a more definitive ruling,
15  then you can file your motions by November 15th.
16          So let me ask the Sovereign Plaintiffs,
17  how would you prefer to resolve this if you can't
18  come to some agreement?
19          MR. HSIAO:  Your Honor, Peter Hsiao for
20  the State of Utah.  Your proposal is fine with us.
21  We agree to it.
22          SPECIAL MASTER TORGERSON:  State of
23  New Mexico?
24          MR. GILMOUR:  We also concur, Your Honor.
25          SPECIAL MASTER TORGERSON:  And the Navajo

Page 52

1   Nation?
2           MR. WALSH:  We agree, Your Honor.  Thank
3   you.
4           SPECIAL MASTER TORGERSON:  Mr. Bain or
5   anybody else on behalf of the Government?  Do you
6   want to be able to file a motion and response and
7   reply and get a formal memorandum opinion and order,
8   or are you okay with resolving it on the conference
9   call?
10          MR. BAIN:  I would like to take the
11  opportunity you mentioned to confer one more time.
12  But I think that these issues are important enough
13  for us, and I would just like to -- I don't want to
14  leave you with the wrong impression.  These requests
15  for production were articulated based on discussions
16  with our experts.
17          And just to give you an idea with respect
18  to one thing Mr. Hsiao mentioned about the requests
19  for tourism and taxes being overly broad, you may
20  have heard him mention NAICS codes.  Those are codes
21  that jurisdictions like the states maintain which
22  include economic information.  This is what our
23  expert tells us.  This is not overly burdensome,
24  that these codes including this economic information
25  are maintained by the state.  It's something we

Page 53

1   should be entitled to in order to assess their
2   damages.
3           Also, I have to correct a misimpression
4   that Mr. Hsiao left, that the documents from these
5   offices were not relevant.  In fact, they said just
6   the opposite in their responses, which they were
7   technically relevant but they're not going to
8   produce them because they don't believe they should
9   have to produce them.
10          SPECIAL MASTER TORGERSON:  Okay.  That's
11  good enough.  Here's what we're going to do.  You
12  meet and confer.  If you can't get it resolved by
13  November 8th, which is my birthday, then you need to
14  file your motion to compel by November 15th, and
15  we'll deal with it.
16          MR. BAIN:  Okay.  Thank you, your Honor.
17          SPECIAL MASTER TORGERSON:  All right.  Now
18  I think we're down to the items that I assume are
19  all interrelated, and maybe I'm wrong, but it's
20  items 1, 4, and 8 that deal with production of
21  documents on behalf of the Federal Defendants and
22  issues relating to trying to agree on a custodian
23  list, a search list, and who's going to be
24  responsible for reviewing the documents that are
25  produced.

```
 1  UNITED STATES OF AMERICA
 2  STATE OF NEW MEXICO
 3
 4              REPORTER'S CERTIFICATE
 5      I, Mary Abernathy Seal, RDR, CRR, CCR, do
 6  hereby certify that the foregoing pages constitute a
 7  true transcript of proceedings had before the said
 8  Court held in the City of Albuquerque, New Mexico,
 9  in the matter therein stated.
10      In testimony whereof, I have hereunto set my
11  hand on this 2nd day of November, 2019.
12
13            _____Mary A. Seal_____
14            Mary Abernathy Seal, RDR, CRR, CCR
              BEAN & ASSOCIATES, INC.
15            NM Certified Court Reporter #69
              License expires:  12/31/19
16
17
    Date taken:  October 31, 2019
18
19
20
21
22
23
24
25
```



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com