## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

*In re: Gold King Mine Release in San Juan County,*
*Colorado on August 5, 2015*

This Document Relates to Case:                                        No. 1:18-md-02824-WJ
*New Mexico v. U.S. Environmental Protection Agency*
1:16-cv-00465-WJ-LF

## THE UNITED STATES' RESPONSE IN OPPOSITION TO NEW MEXICO'S MOTION
## FOR PROTECTIVE ORDER REGARDING DEPOSITION TOPICS

   The State of New Mexico on behalf of the New Mexico Environment Department (the "New Mexico Plaintiff") fails to present good cause in support of its motion for a protective order in response to Topics 1(c), 2, 3, 4, 5, 6, 7, and 8 of the United States' Rule 30(b)(6) deposition notice. Regardless of the New Mexico Plaintiff's vacillating characterizations of itself as the New Mexico Environment Department ("NMED") or the State of New Mexico ("State"), it must designate one or more representatives to testify and provide binding responses on its behalf. Whether the New Mexico Plaintiff can compel its preferred representative from State agencies other than NMED to testify is irrelevant. Rule 30(b)(6) requires the New Mexico Plaintiff to respond to factual topics about to its allegations of liability and damages. The New Mexico Plaintiff's position that it can seek damages for lost taxes, lost tourism, agricultural losses, and environmental impacts, yet be excused from presenting a Rule 30(b)(6) witness on those topics, is remarkable. This position reflects a fundamental misunderstanding of the law related to Rule 30(b)(6). The Court should deny the motion for a protective order.

### Background

   The New Mexico Plaintiff brought the instant suit on May 23, 2016, in the singular name of "The State of New Mexico, on behalf of NMED." Case 1:16-cv-00465, Doc. 1, ¶ 13. In the complaint, the State never asserted a claim on its own behalf, but only on behalf of NMED. The

New Mexico Plaintiff has twice amended its complaint, but in neither case did the New Mexico

Plaintiff join the State as a party to bring any claims on the State's own behalf. Doc. 339.[1]

Rather, the second amended complaint ("SAC" or "Complaint") continues to attribute all

allegations to "NMED" or "New Mexico," both of which the Complaint defines as "the State of

New Mexico on behalf of the New Mexico Environment Department." SAC ¶ 8. Paragraph 13 of

the Complaint reiterates this while citing to NMED's authority to sue and be sued under New

Mexico law as the basis for the lawsuit. *Id.* at ¶ 13.

Consistent with the Complaint, when debating over the scope of discovery, the New

Mexico Plaintiff emphasized that only NMED and no other State agencies are subject to

compulsory party discovery. Doc. 876-6 (10/31/2019 Tr. 49:4-50:8). After the United States

indicated that it would challenge NMED's lack of standing to recover economic damages,

however, the New Mexico Plaintiff began to argue that the Complaint identifies two plaintiffs,

the State of New Mexico *and* the NMED, despite the use of the singular plaintiff throughout the

Complaint. The New Mexico Plaintiff now continues that position in its motion for a protective

order, stating "there are *two* Plaintiffs here: the State *and* the Environment Department," Mot.

for Protective Order, Doc. 884 ("Mot.") at 18. Despite these recent assertions, the New Mexico

Plaintiff, faced with a motion to dismiss its claimed economic damages for lack of standing,

implicitly concedes that the State of New Mexico is not a party to the Complaint because it now

seeks to amend the Complaint to explicitly include the State as a plaintiff. *Id.* at 15 n.9.

Irrespective of how the New Mexico Plaintiff characterizes itself—as NMED or the

State—the New Mexico Plaintiff must comply with Rule 30(b)(6) to designate one or more

---

[1] Unless otherwise specified, citations to the docket in this response refer to the multidistrict litigation docket numbers under Case 1:18-md-02824.

representatives to testify on its behalf on factual topics relevant to its allegations. The United

States' Rule 30(b)(6) topics are tied directly to the New Mexico Plaintiff's allegations of

negligence in failing to follow proper standards in the remediation of an abandoned mine,

economic damages allegedly caused by the Gold King Mine release, and purported

environmental impacts. The New Mexico Plaintiff cannot be allowed to make such allegations

and claims of damages, then refuse to designate a Rule 30(b)(6) witness to testify on its behalf

about these allegations and purported damages.

## I.  The Nature of the New Mexico Plaintiff's Claims and Alleged Damages

The New Mexico Plaintiff alleges that the United States was negligent in its attempts to

remediate the abandoned Gold King Mine. For example, the New Mexico Plaintiff alleges that

the United States failed to comply with regulations "intended to protect workers from

uncontrolled releases of impounded water in abandoned mine workings." SAC ¶ 162. The New

Mexico Plaintiff further alleges that the United States was negligent by failing to conduct a

number of specific acts, such as "investigat[ing] or test[ing] the hydraulic pressure within Gold

King Mine Level 7 adit." *Id.* at ¶ 191.

The New Mexico Plaintiff alleges that it has suffered economic damages as a result of the

Gold King Mine release. For example, the New Mexico Plaintiff alleges that it "incurred millions

of dollars in immediate emergency response costs." *Id.* at ¶ 111. The New Mexico Plaintiff

further alleges that it "suffered enormous economic losses from reduced business activity and

lost tax revenue as a direct and proximate result of the Gold King Mine release." *Id.* at ¶ 115.

The New Mexico Plaintiff goes so far as to allege a "reduction in GDP caused by the spill." *Id.*

In total, the New Mexico Plaintiff seeks $130 million in lost tax revenue. Doc. 876-1.

Finally, the New Mexico Plaintiff alleges that it has suffered various environmental

damages as a result of the Gold King Mine release. For example, the New Mexico Plaintiff

alleges that it will incur "costs in implementing a long-term monitoring plan." *Id.* at ¶ 113. The New Mexico Plaintiff alleges that it has "been stigmatized by the metals, acidic rock waste, and contamination from the Gold King Mine release." *Id.* at ¶ 117. The New Mexico Plaintiff also alleges that the release affected "the habitat of several endangered species and superb sport fishing and recreational grounds." *Id.*

## II.  The New Mexico Plaintiff's Standing Problem

After discovery began, the New Mexico Plaintiff stressed, consistent with the Complaint, that NMED is the only entity of the State of New Mexico that is a plaintiff in this action, and therefore the only State agency subject to compulsory party discovery under Fed. R Civ. P. 34. For example, on October 28, 2019, the United States and the New Mexico Plaintiff met and conferred regarding the New Mexico Plaintiff's responses to the United States' first set of requests for production. Doc. 876-5 (Oct. 30, 2019 letter memorializing meet and confer). During that meet and confer, the New Mexico Plaintiff's counsels emphasized that only NMED was their client, and accordingly any information outside the possession, custody, or control of NMED was not subject to party discovery under Rule 34. Doc. 876-5. The New Mexico Plaintiff proceeded to respond to party discovery requests only on behalf of NMED. Doc. 876-6, -7.

After the meet and confer, the New Mexico Plaintiff reiterated its position that the case has been brought only by NMED and not the State as a whole to the Court. On October 31, 2019, three days after the meet and confer, the New Mexico Plaintiff told the Court that the State of New Mexico is not a party because "[t]he case has been brought by the Attorney General on behalf of the New Mexico Environment Department." Doc. 876-6 (10/31/2019 Tr. 49:6-9). During the November 13, 2019, status conference, the Special Master pointedly noted that the New Mexico Plaintiff faced standing problems for certain claims if NMED and not the State was the plaintiff by stating:

4

> I need to understand how the New Mexico Environmental Department can bring a claim for general economic damages that were sustained as a result of lost tax revenue, lost tourism, agricultural loses, and property value. . . . the Environmental Department doesn't collect taxes . . . . [and] has nothing to do essentially with tourism or with agriculture or with recreation. . . .

Doc. 876-7 (11/13/2019 Tr. 48:20—49:14). The Special Master then directly asked the New Mexico Plaintiff's counsel why the plaintiff "isn't [] the State of New Mexico, rather than the State of New Mexico Environment Department?" *Id.* at Tr. 50:5-50:7. The New Mexico Plaintiff replied that NMED is the only plaintiff because "the agency is the one identified by the State to be in charge of remediation, restoration, and any and all damages that flow from that." *Id.* at 50:8-12. The New Mexico Plaintiff then cited NMED's authority to "sue and be sued" without the State under New Mexico law. *Id.* at 50:12-15.

From that day forward, the New Mexico Plaintiff began claiming that the State is a plaintiff in addition to NMED. For example, in response to requests for admission, the New Mexico Plaintiff "DENIED" that the State had not brought tort claims on its own behalf, although the New Mexico Plaintiff continued to claim that the action was brought only by "the State of New Mexico on behalf of the New Mexico Environment Department." Doc. 876-8. Then at a June 26, 2020, status conference, the New Mexico Plaintiff reversed its prior position entirely by claiming that "[t]he State of New Mexico is plaintiff as well as the Environment Department." Doc. 876-9 (6/26/2020 Tr. 15:18-23). The New Mexico Plaintiff continued to insist, however, that the State is not subject to party discovery and only the NMED "could be compelled to produce documents here." *Id.* at 22:3-13.[2]

_____

[2] If the State of New Mexico is separately a party in this action, there must be some compulsory Fed. R. Civ. P. 34 discovery that the State would be required to produce beyond what is in the possession of the NMED. But the New Mexico Plaintiff has consistently taken the position, as recently as last month, that only NMED is subject to compulsory Rule 34 discovery. The New Mexico Plaintiff has failed to produce any authority that a state is categorically excused from any

In its motion, the New Mexico Plaintiff engages in revisionist history. The New Mexico Plaintiff now claims that it has been asserting "[f]or years" that the State is a plaintiff in addition to NMED. Mot. at 14. The New Mexico Plaintiff further accuses the United States of "creating" a standing issue when "the U.S. could have filed a Rule 12(b)(1) motion and/or a Rule 12(e) motion for a more definite statement" earlier in the litigation. *Id.* at 14-15. The United States, however, did not author either the original complaint or the two amended versions of it, and it is plainly outside the power of the United States to "create" a jurisdictional standing issue that otherwise does not exist by virtue of a plaintiff's pleading decisions or its own fundamental failures in drafting a complaint. Nor did the United States have a responsibility to litigate against itself by researching the law and identifying to the New Mexico Plaintiff the fact that NMED has limited authority and lacks standing to bring claims for all the category of damages sought. Doc. 876 at 2. The New Mexico Plaintiff is not an unsophisticated *pro se* plaintiff. It is a state agency represented by the state Attorney General, a local law firm, and a private law firm with a national practice, all of whom should have been familiar with the limits of NMED's ability to sue and be sued at the time the complaint was filed on behalf of NMED.

Based on its revisionist history, the New Mexico Plaintiff accuses the United States of "lay[ing] behind the log and wait[ing] almost four years to move to dismiss" the claims and damages beyond the scope of NMED's limited authority for lack of standing. Mot. at 15. But the New Mexico Plaintiff's argument is inherently contradictory. On the one hand, the New Mexico Plaintiff asserts that because the State is obviously **not** a plaintiff, the United States should have moved to dismiss claims and damages outside the scope of NMED's limited authority years ago.

---

Rule 34 party discovery by virtue of the dual executive structure. If the State of New Mexico were the only party in this case seeking damages for tax losses, it would undoubtedly be subject to some Rule 34 party discovery.

On the other hand, the New Mexico Plaintiff asserts that the State and NMED **are** obviously both plaintiffs, despite the Complaint referring to a single "plaintiff," SAC ¶¶ 8, 13, and that the United States' standing argument is simply "manufactured." Ex. 1. At best, this convoluted argument asserts that the standing motion could have been filed earlier, but it does nothing to undermine the merits of the motion.

The truth is that, even though the New Mexico Plaintiff first filed its complaint four years ago, discovery opened only in August 2019. Doc. 257. The standing problem faced by the New Mexico Plaintiff for bringing a complaint only "on behalf of NMED," SAC ¶ 13, while asserting damages on behalf of the entire State, began to crystallize for the New Mexico Plaintiff only in November 2019. Ex. 876-7. And while the New Mexico Plaintiff now accuses the United States of nefariously delaying a motion to dismiss for standing, when standing was identified as an issue almost a year ago during the November 13, 2019, status conference, the plaintiff argued the issue was "extremely premature by the United States." Doc. 876-7 (11/13/2019 Tr. 51:10-15).

Despite the New Mexico Plaintiff's inconsistent positions as to the number of plaintiffs pled in its Complaint and when a motion to dismiss for standing should have been brought, the New Mexico Plaintiff implicitly recognizes that the Complaint asserts claims only "on behalf of NMED," SAC ¶ 13, by seeking leave to amend the Complaint to explicitly add the State as a plaintiff now. Mot. at 15 n.9. The New Mexico Plaintiff downplays the necessity of amendment by characterizing the problem as "all about the *caption* of the Complaint." *Id.* at 14 (emphasis original). But, contrary to the New Mexico Plaintiff's representations in its motion, *see id.* at 15-16, the substance of the Complaint also reflects a single plaintiff bringing this action. For example, the motion cites paragraph 13 of the Complaint as "pleading that the State of New Mexico is a plaintiff." In fact, the paragraph says the "Plaintiff"—in the singular—is "the State

7

of New Mexico on behalf of NMED." SAC ¶ 13. The motion then cites paragraphs 111-118 as

"describing the State's distinct environmental and economic injuries" and paragraphs 149-195 as

"pleading that the State is seeking remedies for its tort claims." Mot. at 15-16. These paragraphs,

however, all refer to damages and remedies sought by "NMED" or "New Mexico," both of

which the Complaint defines as "the State of New Mexico on behalf of the New Mexico

Environment Department." SAC ¶ 8. Nowhere do the cited paragraphs purport to allege damages

and remedies sought by the State on its own behalf.

### III.  The United States' Fed. R. Civ. P. 30(b)(6) Notice of Deposition to the New Mexico Plaintiff.

If the State of New Mexico is a party as the New Mexico Plaintiff insists, common sense

dictates that the State must respond to party discovery. As the Special Master stated during the

November 13, 2019, status conference, the New Mexico Plaintiff cannot claim damages on

behalf of the entire State and departments other than NMED but then claim,

> 'Well, even though we're making all these claims on behalf of all these other
> departments, we don't have to produce any documents because they're not in our
> custody and control or possession.' So you can't have it both ways. If you're acting
> on behalf of these other agencies, you're acting on behalf of these other agencies in
> the state. I just think it's a double standard.

Doc. 876-7 (11/13/2019 Tr. 51:1:9). The United States agrees.

On August 26, 2020, the United States served a Fed. R. Civ. P. 30(b)(6) notice of

deposition to the New Mexico Plaintiff as it describes itself in the Complaint: "the State of New

Mexico on behalf of the New Mexico Environment Department." Doc. 884-1; Ex. 2 at 8. Topics

1(c) through 8, which are subjects of the instant motion, asked for a deponent knowledgeable on:

1.  The New Mexico Environment Department's authority and duties with respect to: (a)
    short-term emergency response costs, (b) long term monitoring and preparedness
    planning, and (c) recovering economic damages for economic losses in the form of
    reduced business activity and lost tax revenue.

2.  The work done by the New Mexico Abandoned Mine Land Program to identify and survey abandoned mines within the State of New Mexico, including determining whether abandoned mines contain impounded water that could present an environmental hazard and/or present the risk of a blowout.

3.  The practices, procedures, and policies of the New Mexico Abandoned Mine Land Program with respect to remediation and/or reclamation of abandoned mines in the State of New Mexico, including but not limited to site health and safety plans, safety training, opening abandoned mines, drilling into abandoned mines, measuring impounded water in abandoned mines, mapping abandoned mines, insuring the stability of walls or structures of abandoned mines during the work, and installation of sump basins or drainage ponds in connection with abandoned mines.

4.  Any assessment that the New Mexico Department of Taxation and Revenue has conducted on the factors affecting the amount of tax revenue collected by the State of New Mexico from 2010 to present.

5.  Any assessment that the New Mexico Department of Tourism has conducted on factors affecting tourism in the State of New Mexico from 2010 to present.

6.  Any assessment that the New Mexico Department of Agriculture has conducted on factors affecting agriculture in New Mexico, and in particular, San Juan County in the State of New Mexico, from 2010 to present.

7.  Any assessment that the New Mexico Energy, Minerals and Natural Resources Department, the New Mexico Department of Game and Fish, the New Mexico Department of Health, New Mexico State University, the New Mexico Bureau of Geology and Mineral Resources, the New Mexico Water Resources Research Institute, the New Mexico Institute of Mining and Technology, or the University of New Mexico, or any other New Mexico state agency or entity conducted on the effect of the August 5, 2015, Gold King Mine release on the environment in New Mexico.

8.  Any assessment that the New Mexico Energy, Minerals and Natural Resources Department, the New Mexico Department of Game and Fish, the New Mexico Department of Health, New Mexico State University, the New Mexico Bureau of Geology and Mineral Resources, the New Mexico Water Resources Research Institute, the New Mexico Institute of Mining and Technology, or the University of New Mexico, or any other New Mexico state agency or entity conducted on the effects of any releases since August 2015 from the Gold King Mine or the Sunnyside mine pool on the environment in New Mexico.

Doc. 884-1. Although the New Mexico Plaintiff claims that the State of New Mexico is a plaintiff in this action, the New Mexico Plaintiff's first objection is that the notice was issued "on the State as a whole" and that it "seeks information from individual State agencies that would

require the State to put up a witness from every agency within the State." Ex. 2 at 5-6. The New Mexico Plaintiff stated that a Rule 30(b)(6) notice on the State "is not the appropriate vehicle to seek a deposition from a representative of, for instance, the New Mexico Department of Tourism." *Id.* This was a misinterpretation of the notice. A Rule 30(b)(6) notice does not require a party to provide any particular witness, but rather to address a specific topic with "information known or reasonably available" to the party. Fed. R. Civ. P. 30(b)(6). On September 22, 2020, the parties met and conferred on the notice but could not reach agreement. Ex. 2 at 2.

On Topics 1(c), 4, 5, and 6, which seek information related to damages such as economic losses, tax, tourism, and agriculture, the New Mexico Plaintiff stated it would be seeking a protective order. *Id.* There was no negotiation on the scope of these topics. The New Mexico Plaintiff was willing to have NMED "testify as to the response costs it has occurred [sic]" in relation to Topics 1(a) and (b) only. *Id.* Although the New Mexico Plaintiff emphasized that "other agencies may have incurred costs, for which reimbursement is being sought by and through the Attorney General," the New Mexico Plaintiff refused to identify a deponent to testify on any topics unrelated to NMED's authority or damages. *Id.*

On Topics 2 and 3, which sought information regarding the New Mexico Abandoned Mine Land Program, which is administered by the New Mexico Energy, Minerals and Natural Resources Department, the United States offered to narrow the scope of the request in the same fashion as it had done following a meet and confer with the Navajo Nation on virtually identical Rule 30(b)(6) topics. Mainly, the United States clarified that the definition of "abandoned mine" is the same as the one set forth by the Special Master in a July 27, 2020, order, and limited the topic to the time period January 1, 2010, to August 5, 2015. *Id.* Doc. 748 at 3. The Navajo Nation accepted these Rule 30(b)(6) topics as revised. The New Mexico Plaintiff did not.

On Topics 7 and 8, which sought information regarding the environmental impacts of the Gold King Mine release, the New Mexico Plaintiff objected that the topics were overbroad because it sought information from several different State agencies. Ex. 2 at 7. Again, the New Mexico Plaintiff misrepresents the notice as seeking witnesses from particular agencies when, in fact, it asks the plaintiff to address specific topics with information known or reasonably available to it. Although the United States appreciates the New Mexico Plaintiff's concern regarding the breadth of the topics, the United States had identified publicly available information showing that each State agency had conducted a relevant study on the impacts of the Gold King Mine release. Ex. 2 at 3. The United States documented this information in a letter to the New Mexico Plaintiff on May 12, 2020. Ex. 3. In addition, the New Mexico Plaintiff itself identified a witness from one of these State agencies—the New Mexico Bureau of Geology & Mineral Resources—as supporting its claim in its initial disclosures and produced that witness for a deposition on October 26, 2020. Ex. 4 (initial disclosures).

## Standard of Review

A party seeking a protective order under Fed. R. Civ. P. 26(c)(1) bears the "burden to show good cause for a protective order." *Velasquez v. Frontier Med.*, 229 F.R.D. 197, 200 (D.N.M. 2005). "To demonstrate good cause, the party seeking the protective order must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Id.* "Merely asserting that a Rule 30(b)(6) topic is overly broad or irrelevant is not sufficient to warrant the entry of a Rule 26(c) protective order." *Hem v. Toyota Motorcorp.*, 2010 WL 11493604, at *3 (D.N.M. May 5, 2010). "Relevancy bears on the protective-order analysis." *Landry v. Swire Oilfield Servs.*, 323 F.R.D. 360, 398 (D.N.M. 2018)

Under Fed. R. Civ. P. 30(b)(6),

a party may name as the deponent a . . . governmental agency, or other entity . . . describe[ing] with reasonable particularity the matters for examination. The named organization must then designate one or more . . . persons who consent to testify on its behalf. . . . The persons designated must testify about information known or reasonably available to the organization.

The governmental agency "may designate **any** person" as a representative to testify to information known or reasonably available to it. *Landry*, 323 F.R.D. at 384 (emphasis added). Contrary to the New Mexico Plaintiff's entire argument, Rule 30(b)(6) does not require a plaintiff to produce any particular individual or the "person most knowledgeable" on the topic.[3] *See QBE Ins. v. Jorda Enterprises*, 277 F.R.D. 676, 688 (S.D. Fla. 2012) (Rule 30(b)(6) "witness need not have personal knowledge of the designated subject matter"). *See also Ecclesiastes 9:10-11-12 v. LMC Holding*, 497 F.3d 1135, 1146 (10th Cir. 2007) (the duty to a Rule 30(b)(6) notice is "not negated by a [party's] alleged lack of control over potential Rule 30(b)(6) deponents").

## Argument

The New Mexico Plaintiff must designate a deponent or deponents for Topics 1(c) through 8 of the United States' Rule 30(b)(6) deposition notice. Doc. 884-1. First, contrary to the New Mexico Plaintiff's argument, the deposition notice does not require the New Mexico Plaintiff to designate individuals from State agencies over which it purportedly has no control. *Id.* The United States directed the notice to the plaintiff as styled in this action: "the State of New Mexico on behalf of the New Mexico Environment Department." *Id.* Second, the New Mexico

---

[3] The New Mexico Plaintiff cites an inapt decision by a California state appellate court holding that deposition notices for "persons most knowledgeable" to nonparty state agencies should have been quashed. Mot. at 12 (citing *Lockyer v. Superior Court*, 122 Cal. App. 4th 1060, 1076-77 (2004)). California civil procedure specifically requires that when an organization is a deponent, that organization must produce deponents "who are most qualified to testify on its behalf." Cal. Civ. Proc. Code § 2025.230. Rule 30(b)(6) has no such requirement, and the United States' deposition notice does not ask for deponents from purportedly nonparty State agencies.

Plaintiff's litany of miscellaneous objections to Topics 1(c) through 8 do not show good cause for the issuance of a protective order.

## I.   The New Mexico Plaintiff May Designate Whomever It Chooses to Respond to Topics 1(c) Through 8.

The New Mexico Plaintiff objects to Topics 1(c) through 8 because the Rule 30(b)(6) deposition notice purportedly requires the New Mexico Plaintiff "to produce a representative witness for each of a dozen or more independent agencies of the State." Mot at. 2. The New Mexico Plaintiff argues that this is improper because the New Mexico Plaintiff "has absolutely no power to compel these other agencies to provide either documents or deponents." *Id.* at 5. The New Mexico Plaintiff explains that the inability to produce deponents from departments other than NMED is due to the State's nature as a divided executive. *Id.*

Nowhere does the United States' Rule 30(b)(6) deposition notice call upon the New Mexico Plaintiff to produce a deponent from various State agencies. Doc. 884-1. Rather, the United States addressed the notice to the New Mexico Plaintiff exactly as described in the Complaint: "the State of New Mexico on behalf of the New Mexico Environment Department." *Id. See also* SAC ¶ 8. Under Rule 30(b)(6), it is now incumbent upon the New Mexico Plaintiff—whether that plaintiff is NMED or the State—to produce a representative of the plaintiff to testify on the topics identified. The New Mexico Plaintiff "may designate **any** person" it sees fit. *Landry*, 323 F.R.D. at 384. The New Mexico Plaintiff need not designate someone from one of the State agencies over which it purportedly has no control. *See Ecclesiastes 9:10-11-12, Inc.*, 497 F.3d at 1146-47.

As a practical matter, the New Mexico Plaintiff may find that the most knowledgeable persons on the topics identified are from State agencies other than NMED. The fact that the New Mexico Plaintiff may not be able to compel the preferred or most knowledgeable representative

to appear, however, does not mitigate the New Mexico Plaintiff's duty to identify a representative to testify on its behalf regarding "information known or reasonably available" to the New Mexico Plaintiff. *See W. Pac. Mut. Ins. v. Kirkland Dev.*, 2008 WL 11344738, at \*1 (S.D. Miss. 2008) (requiring Rule 30(b)(6) deponent even though "the only person knowledgeable about the Plaintiff corporation" could not be compelled to appear); *Cavalieri v. Avior Airlines*, 2018 WL 4193690, at \*1 (S.D. Fla. 2018) (although party's "preferred representative" for Rule 30(b)(6) deposition lacked passport to appear for deposition, party "could designate another witness"); *Omega Hosp., LLC v. Cmty. Ins. Co.*, 2015 WL 5020412, at \*3-\*5 (E.D. La. 2015) (sanctions for failure to prepare representative witnesses when party's "preferred representative" was unable to appear due to medical treatment). The New Mexico Plaintiff may designate "any person" who is knowledgeable or can be made knowledgeable about the topics in question. *See Landry*, 323 F.R.D. at 384. In the alternative, the New Mexico Plaintiff may admit that it is unable to offer a deponent on its behalf to substantiate its allegations, such as claims of lost tax revenue.

The testimony on the topics sought are critical to this litigation. *Id.* at 398 ("Relevancy bears on the protective-order analysis."). First, Topics 1(c), 4, 5, and 6 seek testimony regarding the New Mexico Plaintiff's economic damages, including lost tax revenue, lost tourism, and impacts on agriculture. Doc. 884-1. These topics are a direct result of the New Mexico Plaintiff's allegations that it "suffered enormous economic losses from reduced business activity and lost tax revenue as a direct and proximate result of the Gold King Mine release," SAC ¶ 115, and its resulting claim for $130 million, Doc. 876-1. Second, Topics 2 and 3 seek testimony regarding the New Mexico Abandoned Mine Land Program. Doc. 884-1. These topics are a direct result of the New Mexico Plaintiff's allegations that the United States failed to meet particular standards

of care in addressing the abandoned Gold King Mine. SAC ¶¶ 162, 191. Finally, Topics 7 and 8

seek testimony regarding the environmental impacts of the Gold King Mine release. Doc. 884-1.

These topics are a direct result of the New Mexico Plaintiff's allegations of long-term

environmental impacts and stigma as a result of the release. *See, e.g.*, SAC ¶¶ 113, 117.

Moreover, the United States provided the New Mexico Plaintiff with documentation showing

that each agency identified under Topics 7 and 8 generated studies about the environmental

impacts of the release. Ex. 3.

The New Mexico Plaintiff argues that if the United States seeks information from a

department other than NMED, "it must subpoena each agency directly." Mot. at 11. Setting aside

that this position again undermines the assertion that the State is a party, the point here is that the

United States is not simply seeking testimony but binding admissions regarding relevant topics

by the plaintiff in this action, as expressly allowed by Fed. R. Civ. P. 30(b)(6), whether that

plaintiff is NMED or the State. For example, if the New Mexico Department of Taxation and

Revenue is a "nonparty executive agenc[y]," as the New Mexico Plaintiff states, Mot. at 11, then

that department's testimony as to lost tax revenues—or lack of losses—will have less weight

than testimony from the actual plaintiff in this action to the same effect. There can be no doubt

that under Rule 30(b)(6), a defendant is entitled to binding testimony from an organizational

plaintiff on its allegations of liability and damages in its complaint. The New Mexico Plaintiff, as

an organizational plaintiff in this action, cannot evade this requirement.

The cases that the New Mexico Plaintiff cites discussing the divided nature of some state

executives are irrelevant to its obligations to respond to the Rule 30(b)(6) notice. Mot. at 6-7

(citing *Boardman v. AMTRAK*, 233 F.R.D. 259 (N.D.N.Y. 2006), *United States v. AMEX*, 2011

WL 13073683 (E.D.N.Y. 2011), *In re Jointly Managed R.S. 2477 Rd. Cases Litig. v. United*

*States*, 2018 WL 2172934 (D. Utah 2018)). None of these cases discuss Rule 30(b)(6), much less stand for the proposition that an organizational plaintiff need not produce a representative to testify about its allegations. Rather, these cases involve document requests under to Fed. R. Civ. P. 34 or subpoenas and stand for the basic proposition that if a state agency, rather than the entire state, is the real party to the litigation, then only the specific state agency bringing the action is subject to compulsory party discovery. Here, the United States directed its Rule 30(b)(6) notice to the plaintiff exactly as styled in the Complaint. Doc. 884-1, SAC ¶ 8. Whether that plaintiff is the State or NMED, the New Mexico Plaintiff must respond to the Rule 30(b)(6) notice.

As the Special Master previously recognized, the New Mexico Plaintiff is asking the Court to apply a "double standard." Doc. 876-7 (11/13/2019 Tr. 51:1:9). Despite its broad claims, *supra*, and its insistence that "the State of New Mexico . . . is a party in this lawsuit," Mot. at 14, the New Mexico Plaintiff refuses to produce a representative to testify on its behalf to support its allegations of negligence, alleged damages, and allegations of environmental harm. The New Mexico Plaintiff will only designate a deponent from NMED to testify as to that agency's response costs, but will not provide a deponent to testify for any "other agencies that may have incurred" costs despite claiming damages on their behalf. Ex. 2 at 6. Regardless whether the New Mexico Plaintiff has control over State agencies other than NMED or not, Mot. at 4-5, Rule 30(b)(6) requires the New Mexico Plaintiff—whether that is NMED or the State—to identify a representative to testify on its behalf about its allegations.

**II.   The New Mexico Plaintiff's Remaining Objections Do Not Show Good Cause for a Protective Order.**

The New Mexico Plaintiff also raises a litany of specific objections for Topics 1(c) through 8. Mot. at 19-20. The main complaint is that the topics are vague and overly broad, but the New Mexico Plaintiff does not submit any "particular and specific demonstration of fact"

beyond conclusory statements to show good cause. *Velasquez*, 229 F.R.D. at 200. None of the objections satisfy the good cause standard required for a protective order.

For Topic 1(c), the New Mexico Plaintiff objects—without citation—that "it is inappropriate to seek any legal conclusions on [NMED's] authority and duties." Mot. at 19. This Court has squarely held, however, that "'while objections . . .  for a legal conclusion can certainly be raised during the Rule 30(b)(6) deposition, such objections do not constitute good cause to enter a protective order preventing a Rule 30(b)(6) deposition.'" *Quarrie v. Wells*, 2020 WL 5329886, at *5 (D.N.M. Sept. 4, 2020) (quoting *P.S. v. Farm, Inc.*, 2009 WL 483236, at *11 (D. Kan. Feb. 24, 2009)). The Court should reject the New Mexico Plaintiff's request for a protective order on Topic 1(c).

For Topics 2 and 3, the New Mexico Plaintiff makes a generic objection that the topics "are overbroad and hopelessly vague." Mot. at 19. These topics concern the New Mexico Abandoned Mine Land Program. The United States narrowed the scope of these two topics by adopting the definition of "abandoned mine" as defined by the Special Master's July 27, 2020, order, among other changes. Ex. 2 at 3; Doc. 748 at 3. The United States issued virtually identical Rule 30(b)(6) deposition topics, as modified, to the Navajo Nation. The Navajo Nation has agreed to designate a deponent. The New Mexico Plaintiff has not.

For Topics 4, 5, and 6, the New Mexico Plaintiff makes two objections. First, the New Mexico Plaintiff argues that these topics "seek premature disclosure of expert work product." Mot. at 20. The Court has already addressed this type of objection in the Stipulated Order Regarding the Federal Parties' Discovery Requests. Doc. 460. Although "materials prepared for use by experts" need not be provided until expert discovery, *id.*, any factual information underlying what experts might rely upon is subject to discovery. Second, the New Mexico

Plaintiff objects that the topics are overbroad and vague because they seek information on "the amount of tax revenue collected, tourism, and agriculture through the entirety of the State of New Mexico" without any limitations to "any particular industries, any time frame, or any geographic region of the State of New Mexico." Mot. at19- 20. If the topics are broad, it is only because the New Mexico Plaintiff's claims are broad. For example, the Complaint makes sweeping allegations of a "reduction in GDP caused by the spill," that all "recreational and agricultural uses stopped" due to the release, and of long-term economic impacts due to "lingering stigma." SAC ¶¶ 115, 117. The Complaint does not limit these allegations to "particular industries" or "geographic region." Mot. at 20. As to the timeframe, the Topics are, in fact, limited to "2010 to present," Doc. 884-1, because as the New Mexico Plaintiff previously agreed, "five years prior to the release" is a proper timeframe for "an appropriate baseline" to determine whether claims of lost economic activity and reduced GDP can be substantiated. Doc. 876-7 (11/13/2019 Tr. 53:18-25).

For Topics 7 and 8, the New Mexico Plaintiff makes another generic objection that the topics "are amazingly overbroad." Mot. at 20. The objection appears to be premised on the complaint that the topics list "eight specified agencies or entities" and it would be "virtually impossible to properly prepare one, two, or even a handful of witnesses on these two topics." *Id.* But, as this Court has noted, whether a responding party "requires one, two, or ten witnesses to properly respond" to a Rule 30(b)(6) notice "is a matter within [the responding party's] control." *Hem*, 2010 WL 11493604, at *3. Moreover, the United States previously demonstrated in a detailed letter to the New Mexico Plaintiff that each agency in Topics 7 and 8 have publicly available studies, reports, or presentations concerning the environmental impact of the Gold King Mine release. Ex. 3. In its Complaint, the New Mexico Plaintiff has also made broad allegations

of environmental impact, including the need for a "long-term monitoring plan," that the New

Mexico Plaintiff has been "stigmatized by metals, acid rock waste, and contamination from the

Gold King Mine release," and that "several endangered species and superb sport fishing and

recreational grounds" have been affected. SAC ¶¶ 113, 117. A protective order is inappropriate

because the topics are relevant to the claims. *Landry*, 323 F.R.D. at 398. If the topics seem broad,

it is once again only because the New Mexico Plaintiff's claims are broad.

## Conclusion

For the forgoing reasons, the Court should deny the New Mexico Plaintiff's motion for a

protective order. The United States' Rule 30(b)(6) deposition notice does not mandate that the

New Mexico Plaintiff designate a deponent from a State agency over which it purportedly has no

control, and Topics 1(c), 2, 3, 4, 5, 6, 7, and 8 seek relevant information in the scope of this

action. The New Mexico Plaintiff has failed to show good cause for a protective order.

DATED:  November 9, 2020                    Respectfully submitted,

                                            JEFFREY CLARK
                                            Acting Assistant Attorney General
                                            Civil Division

                                            J. PATRICK GLYNN
                                            Director, Torts Branch
                                            CHRISTINA M. FALK
                                            Assistant Director

                                             _/s/ Albert K. Lai_____
                                            ALBERT K. LAI
                                            DC Bar No. 1007316
                                            CAROLINE STANTON
                                            DAVID HAMMACK
                                            Trial Attorneys
                                            ADAM BAIN
                                            Senior Trial Counsel

Civil Division, Torts Branch
U.S. Department of Justice
P. O. Box 340
Washington, D.C. 20044
E-mail: albert.lai@usdoj.gov
Telephone: (202) 616-4223

FRED J. FEDERICI
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. Section
515
ROBERTO D. ORTEGA
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2020, I electronically filed the foregoing motion to all parties using the Electronic Case Filing ("ECF") system of this Court. The ECF system will send a "Notice of Electronic Filing" to the attorneys of record.

<u>/s/ Albert K. Lai</u>

Albert K. Lai